# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES W. MATHENA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:09CV37 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be barred by the one-year period of limitations. As a result, the Court will order movant to show cause why the motion should not be dismissed.

On February 23, 2004, movant pled guilty to being a felon in possession of a firearm. United States v. Mathena, 1:03CV156 JCH (E.D. Mo.). On May 24, 2004, the Court sentenced movant to 195 months' imprisonment to be followed by 5 years' supervised release. Movant did not file a direct appeal.

On December 1, 2006, movant filed a habeas petition pursuant to 28 U.S.C. § 2241. Mathena v. United States, 1:06CV178 JCH (E.D. Mo.). In the petition, movant requested that his federal detainer be withdrawn or, alternatively, that his federal sentence be ordered to run concurrently with his state sentence. On February

14, 2008, the Court dismissed movant's § 2241 petition. Movant appealed, and his appeal is currently pending before the United States Court of Appeals for the Eighth Circuit. Mathena v. United States, No. 08-2184 (8th Cir.).

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final on June 8, 2004. Fed. R. App. P. 4(b)(1); Fed. R. App. P. 26(a). As a result, the statute of limitations expired on June 8, 2005. As a result, this action appears to be barred by the statute of limitations. Accordingly, the Court will order movant to show cause why this action should not be dismissed.

Movant states in his § 2255 motion that this action is timely because his appeal from his § 2241 action is still pending. Movant is incorrect. The filing of the § 2241 petition and its appeal have no bearing on the limitations period for filing a § 2255 motion.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion to vacate, set aside or correct sentence as time-barred. Movant's failure to timely

respond to this Order will result in the denial of the instant motion and the dismissal of this action.

**IT IS FURTHER ORDERED** that movant's motion to proceed in forma pauperis [#2] is **GRANTED**.

Dated this 3rd Day of April, 2009.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE